UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EURAL DEWAYNE DEBBS, SR.,

                Plaintiff,

v.

MARY JANE FERGUSON, *et al*.,

                Defendants.

Case No.   C12-1189-RSL-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action filed under 42 U.S.C. § 1983.   Plaintiff is proceeding *pro se* and *in forma pauperis*.   This matter is now before the Court on plaintiff's amended complaint. Service has not been ordered.   A review of plaintiff's amended complaint reveals that plaintiff has not adequately alleged any viable claim for relief in his pleading.   This Court therefore recommends that plaintiff's amended complaint, and this action, be dismissed.

BACKGROUND

Plaintiff filed the instant action in July 2012.   Plaintiff alleged in his original complaint that the named defendants conspired with each other to conceal dates and times of scheduled

REPORT AND RECOMMENDATION
PAGE - 1

child custody hearings regarding plaintiff's son, and that their unlawful actions caused plaintiff to lose his parental rights.  Plaintiff asserted that defendants, through their alleged unlawful actions, violated his rights to due process and equal protection, and breached the legal duties owed to him.  Plaintiff identified four defendants in his original complaint:  Mary Jane Ferguson, a manager/supervisor at the Office of Public Defense; Jennifer Johnson, a case worker with the Department of Social and Health Services ("DSHS"); Joshua Poisel, identified only as an "agent of the court"; and, Tanya Thorp, an Assistant Attorney General for the State of Washington.   Plaintiff requested that he be awarded several million dollars in compensatory and punitive damages against each defendant.

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient in various respects.  Accordingly, on September 14, 2012, this Court issued an Order declining to serve the complaint and granting plaintiff leave to file an amended pleading correcting certain specified deficiencies.  The Court explained therein that plaintiff had not alleged sufficient facts to state a cause of action under § 1983 against defendants Ferguson, Johnson, or Poisel.  The Court further explained that defendant Thorp was immune from liability in this § 1983 action because the facts alleged by plaintiff suggested that he was seeking to have Ms. Thorp held liable for acts undertaken within the scope of her official duties.

After addressing the deficiencies with respect to plaintiff's allegations against each of the individual defendants, the Court advised plaintiff of the standards he would have to meet in order to establish his conspiracy and equal protection claims, and explained that he had thus far failed to allege sufficient facts to meet those standards.  Plaintiff was granted thirty days within which to file an amended complaint curing the specified deficiencies.  Plaintiff filed a timely

amended complaint on October 9, 2012.

Plaintiff alleges in his amended complaint that five named defendants conspired to deprive him of his rights to due process and equal protection by intentionally delaying, concealing, and hindering vital court dates which resulted in plaintiff losing his parental rights. In addition to the four defendants identified in plaintiff's original complaint, plaintiff identifies Donald Minor as a defendant in his amended complaint as well. Plaintiff's amended complaint is now before this Court for review.

## DISCUSSION

Plaintiff was advised in this Court's Order declining to serve his original complaint that, in order to sustain a civil rights action under § 1983, he must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff was further advised that in order to satisfy the second prong, he must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). The Court also made clear in its Order that "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

A review of plaintiff's amended complaint reveals many of the same deficiencies identified in plaintiff's original complaint. And, in fact, the allegations set forth by plaintiff in

his amended complaint are even more vague and conclusory than those set forth in his original complaint.

Plaintiff alleges in his amended complaint that defendant Mary Jane Ferguson failed to perform her job duties properly. However, he once again fails to explain what Ms. Ferguson's "job duties" were in relation to the dependency proceedings or how, specifically, her alleged failure to properly perform those duties caused plaintiff any harm of constitutional dimension. Plaintiff's allegations against Ms. Ferguson are vague and conclusory and insufficient to state a cause of action under § 1983.

Plaintiff alleges that defendant Donald Minor failed to perform his legal duties by failing to contact vital, but unidentified, witnesses. Plaintiff's allegations suggest that Mr. Minor was an attorney who was involved in the dependency proceedings in some fashion. However, plaintiff fails to explain Mr. Minor's precise role in the process. Plaintiff also fails to explain, specifically, how the failure to call witnesses whom he does not even identify affected the dependency proceedings. Plaintiff's allegations against Mr. Minor are vague and conclusory and insufficient to state a cause of action under § 1983.

Plaintiff alleges that defendant Jennifer Johnson made false representations to the Court by stating she didn't know of plaintiff's whereabouts when, in fact, she did know. Plaintiff asserts that Ms. Johnson's misrepresentations caused him to miss court dates which, in turn, caused him to lose his parental rights. However, plaintiff fails to explain, specifically, what the alleged misrepresentations were, when they were made, or how they ultimately affected the outcome of the proceedings. Plaintiff's allegations against Ms. Johnson are vague and conclusory and insufficient to state a cause of action under § 1983.

REPORT AND RECOMMENDATION
PAGE - 4

01   Plaintiff alleges that defendant Joshua Poisel intentionally withheld court dates and
02 made false representations.  However, plaintiff once again fails to explain Mr. Poisel's role in
03 the dependency proceedings or how Mr. Poisel's alleged misconduct caused plaintiff harm of
04 federal constitutional dimension.  Plaintiff's allegations against Mr. Poisel are vague and
05 conclusory and are therefore insufficient to state a claim for relief under § 1983.

06   Plaintiff alleges that defendant Tanya Thorp presented fraudulent documents,
07 misrepresented facts, and improperly received and reviewed plaintiff's medical records.
08 Plaintiff specifically alleges, in apparent response to this Court's previous conclusion that Ms.
09 Thorp is entitled to immunity in this action, that Ms. Thorp acted outside her legal duties when
10 she investigated and illegally obtained plaintiff's medical records.  Even assuming this
11 allegation were sufficient to pierce the veil of immunity with respect to his medical records,
12 plaintiff fails to explain how those records were relevant to the dependency proceedings.  With
13 respect to plaintiff's claims that Ms. Thorp presented fraudulent documents and misrepresented
14 facts, plaintiff fails to specifically identify the documents or facts at issue and those claims, on
15 their face, appear to fall within the scope of immunity afforded prosecutors in actions brought
16 under § 1983.  Plaintiff therefore fails to adequately allege any cause of action against Ms.
17 Thorp.

18                                              CONCLUSION

19   When a complaint is frivolous, malicious, fails to state a claim on which relief may be
20 granted, or seeks monetary relief against a defendant who is immune from such relief, the Court
21 may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C.
22 § 1915(e)(2)(B).  As plaintiff has not adequately alleged any viable claim for relief in his

REPORT AND RECOMMENDATION
PAGE - 5

amended civil rights complaint, this Court recommends that plaintiff's amended complaint, and this action, be dismissed, without prejudice, pursuant to § 1915(e)(2)(B).  A proposed Order accompanies this Report and Recommendation.

DATED this <u>2nd</u> day of January, 2013.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge